T.C. Summary Opinion 2009-117

UNITED STATES TAX COURT

RAO V. AND SUNANDA MADDURI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4798-08S.                    Filed July 27, 2009.

Rao V. and Sunanda Madduri, pro sese.

<u>Matthew A. Mendizabal</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $27,874 deficiency in petitioners' 2005 Federal income tax and an accuracy-related penalty under section 6662(a).[1]

In a stipulation of settled issues, respondent and Mr. Madduri agreed that Mr. Madduri received $88,433 from Outer Bay Technologies, Inc. (Outer Bay), as compensation for services that should have been reported on "line 7 of petitioners' Form 1040" rather than on "line 1 of petitioners' Schedule C".  Respondent did not assert a claim under section 6214(a) for the increased deficiency that will result from the disallowance of petitioners' claimed deductions for section 179 expenses and section 280A expenses for the business use of their home pursuant to sections 179(b)(3)(A) and 280A(c)(5).  Petitioners did not contest respondent's position, which respondent argued at trial and which was set out in respondent's pretrial memorandum.  The Court, therefore, considers the issues tried by consent under Rule 41(b).  Respondent has met his burden of proving that petitioners are not entitled to deduct those expenses on their Schedule C, Profit or Loss From Business.  See Rule 142(a); see also secs.

---

[1]Sunanda Madduri (Mrs. Madduri) did not appear at trial or sign the stipulation of facts.  The Court will dismiss Mrs. Madduri for failure properly to prosecute and will enter a decision against her consistent with the decision entered against Rao V. Madduri (Mr. Madduri).

179(b)(3)(A), 280A(c)(5).  In addition, Mr. Madduri did not assert that petitioners are otherwise entitled to deduct any portion of those expenditures as unreimbursed employee expenses on their Schedule A, Itemized Deductions.  Consequently, those issues are deemed conceded.  The issue remaining[2] for decision is whether petitioners are liable for the accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference.  When the petition was filed, petitioners resided in California.

During 2005 Mr. Madduri was employed by Gemstone Systems, Inc. (Gemstone), and Outer Bay.  Mr. Madduri also worked as a software consultant for CenterBoard, Inc. (CenterBoard).

For 2005 Mr. Madduri received Forms W-2, Wage and Tax Statement, from Gemstone and Outer Bay that reported his income of $106,946 and $88,433.14, respectively, as "Wages, tips, other comp."  Those Forms W-2 also show that the employers withheld

---

[2]In the stipulation of settled issues the parties also agreed that:  (1) Petitioners received a taxable refund of $644 from the State of California during 2005 that they failed to report; (2) adjustments to petitioners' self-employment tax and their deduction therefor are computational and are to be resolved consistent with the Court's decision pursuant to secs. 164(f), 1401, and 1402; and (3) petitioners' claimed deductions related to their 2002 Mercedes ML500, which was placed into service before 2005.

Federal income taxes and Social Security and Medicare (FICA) taxes and that those employers had established section 401(k) accounts for Mr. Madduri. Mr. Madduri also received a Form 1099-MISC, Miscellaneous Income, from CenterBoard that reported Mr. Madduri's income of $22,725 as nonemployee compensation. This Form 1099-MISC shows that CenterBoard did not withhold Federal income or FICA taxes and that it did not establish a section 401(k) account for Mr. Madduri.

Mr. Madduri reported the income he received from Gemstone on line 7 of petitioners' 2005 Form 1040, U.S. Individual Income Tax Return. Mr. Madduri, however, reported the income he received from Outer Bay (and CenterBoard) on a Schedule C. Mr. Madduri believed that he was an independent contractor rather than an employee of Outer Bay because he had informed Outer Bay that he was "going to * * * [Gemstone] as a regular employee" and "[he] thought it was a short-term contract." In short, Mr. Madduri reported "$117,358[3] [sic] of Form W-2 wages on line 7 of their 2005 Form 1040" and a net profit of $33,744[4] on their Schedule C.

---

[3]Apparently, the rounded amount consists of: $106,946 (Gemstone "wages") + $6,034 (Mrs. Madduri's Macy's wages) + $1,935 (sec. 401(k) income excluded from Mr. Madduri's taxable wages in excess of the maximum allowable exclusion) + $2,441 ("medical FSA income" income excluded from Mr. Madduri's taxable wages in excess of the maximum allowable exclusion) = $117,356.

[4]The rounded amount consists of: $88,433 (Outer Bay "wages") + $22,725 (CenterBoard nonemployee compensation) - $64,761 (total expenses) - $12,653 (sec. 280A expenses for the
(continued...)

Respondent, on the other hand, determined that petitioners received and failed to report "Taxable Wages Total" of $201,413, consisting of: $106,946 (Gemstone "wages") + $6,034 (Mrs. Madduri's Macy's wages) + $88,433 (Outer Bay "wages"). In pertinent part, respondent proposed the following adjustments:

| Item | Shown on return | Reported to IRS or as corrected |
| --- | --- | --- |
| Taxable "wages" | $117,358 | $201,413 |
| Taxable income | 151,829 | 240,989 |
| Tax | 32,244 | 60,118 |

Respondent, however, made no adjustments to the items reported on petitioners' Schedule C.

## Discussion

Initially, the Commissioner has the burden of production with respect to any penalty, addition to tax, or additional amount. Sec. 7491(c). The Commissioner satisfies this burden of production by coming forward with sufficient evidence that indicates that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner satisfies this burden of production, the taxpayer must persuade the Court that the Commissioner's determination is in error by supplying sufficient evidence of an applicable exception. Id.

----

[4](...continued)
business use of their home) = $33,744.

In pertinent part, section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty equal to 20 percent of the underpayment that is attributable to negligence or disregard of rules or regulations or a substantial understatement of income tax.[5]  A substantial understatement of income tax exists if the amount of the understatement for the taxable year exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or $5,000.  Sec. 6662(d)(1)(A).  The term "understatement" means the excess of the amount of the tax required to be shown on the return for the taxable year over the amount of the tax imposed that is shown on the return less any rebate as defined by section 6211(b)(2).  Sec. 6662(d)(2)(A). The amount of the understatement is reduced by the portion of the understatement that is attributable to:  (1) The taxpayer's tax treatment of the item if there is or was substantial authority for the treatment; or (2) any item if the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return and there is a reasonable basis for the taxpayer's tax treatment of the item. Sec. 6662(d)(2)(B).

---

[5]Because the Court finds that petitioners substantially understated their income tax, the Court need not discuss whether they were negligent or disregarded rules or regulations.  See sec. 6662(b); Fields v. Commissioner, T.C. Memo. 2008-207.

Petitioners have not proven that they satisfy the substantial authority and adequate disclosure provisions. See sec. 6662(d)(2)(B). Thus, as determined in the notice of deficiency, the difference between the correct and reported taxes is $27,874, which exceeds 10 percent of the tax required to be shown of $60,118.[6] See sec. 6662(d)(1)(A). The Court therefore finds that petitioners substantially understated their 2005 income tax and that respondent has met his burden of production.

Section 6664(c)(1), however, provides an exception to the section 6662(a) penalty: no penalty is imposed with respect to any portion of an underpayment if it is shown that there was reasonable cause therefor and the taxpayer acted in good faith. Section 1.6664-4(b)(1), Income Tax Regs., incorporates a facts and circumstances test to determine whether the taxpayer acted with reasonable cause and in good faith. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability. Id. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of * * * the experience, knowledge and education of the taxpayer." Id.

---

[6]The Court notes that these figures will increase to take into account the parties' concessions and adjustments for computational matters. See supra note 2.

Mr. Madduri testified that through an innocent mistake he reported on Schedule C the income he received as compensation for services even though Outer Bay reported the income as "Wages, tips, other comp." on a Form W-2 that was provided to him. Mr. Madduri testified that he believed that he was not an employee of Outer Bay because he was working as a short-term contractor performing consulting. Mr. Madduri testified that when he asked Outer Bay for a Form 1099, he was told that because there were only a few months left on the contract, Outer Bay wanted to continue on a Form W-2 since he was on a Form W-2 in the preceding year and did not have his own corporation. According to Mr. Madduri: "Turbo-tax [allowed him] to put W-2 into Schedule C, so then [he] thought it is legal."

Mr. Madduri had the responsibility to determine and to substantiate his status as an independent contractor in order to report his income on Schedule C. See sec. 6001; Higbee v. Commissioner, supra at 440; Rusley v. Commissioner, T.C. Memo. 2003-2; D'Acquisto v. Commissioner, T.C. Memo. 2000-239; see also secs. 31.3121(d)-1(c)(2), 31.3401(c)-1(a) and (b), Employment Tax Regs. Mr. Madduri did not do so. Mr. Madduri performed no inquiry whatsoever into his status as an independent contractor or employee. Mr. Madduri consciously reported the Outer Bay income on a Schedule C and relied solely on his mistaken belief that he was an independent contractor.

Moreover, in view of the facts and circumstances here, the Court finds that Mr. Madduri's mistaken belief was neither reasonable nor in good faith. Specifically, Mr. Madduri worked as a software consultant for CenterBoard and received in 2005 a Form 1099-MISC, reporting his income as nonemployee compensation, while Outer Bay and Gemstone provided him with Forms W-2, reporting his income as "Wages, tips, other comp."; Outer Bay and Gemstone funded a section 401(k) account for Mr. Madduri while CenterBoard did not;[7] Outer Bay and Gemstone withheld Federal income and FICA taxes while CenterBoard did not; his salary, work hours, and projects at Outer Bay did not significantly change in 2005 despite the purported consulting contract; and he willingly accepted the Form W-2 from Outer Bay and did not seek corrected Forms W-2 or 1099-MISC from Outer Bay. See D'Acquisto v. Commissioner, supra. In addition, Mr. Madduri provided no evidence of the purported consulting contract with Outer Bay and called no witnesses to corroborate his testimony about the purported consulting contract. See id. Although Mr. Madduri explained that Outer Bay was acquired by Hewlett-Packard and that it allegedly said that it could not help him, the Court, nonetheless, does not accept his self-serving explanation. See

---

[7]The terms "qualified pension, profit-sharing, and stock bonus plans" include trusts "created or organized in the United States and forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of his employees or their beneficiaries". Sec. 401(a) (emphasis added).

<u>Urban Redev. Corp. v. Commissioner</u>, 294 F.2d 328, 332 (4th Cir. 1961) (the Court may reject a taxpayer's uncorroborated testimony), affg. 34 T.C. 845 (1960).

In short, petitioners have not established that they acted with reasonable cause and in good faith.  Respondent's determination is sustained.

To reflect the foregoing,

<u>An appropriate order will</u>

<u>be issued, and decision will</u>

<u>be entered under Rule 155</u>.